**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-10274
Summary Calendar

CATHLEEN P. RANCIER,

Plaintiff-Appellant,

VERSUS

BAPTIST ST. ANTHONY'S HOSPITAL CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Amarillo Division

(2:01-CV-210-J)

August 19, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cathleen Rancier appeals the district court's grant of summary judgment in favor of her former employer, Baptist St. Anthony Hospital Corporation ("St. Anthony"). Rancier argues that she has established a prima facie case for her claims that St. Anthony laid

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

her off because of her race and age in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 1981, 2000e-2(a)(1), and the Age Discrimination Act, 29 U.S.C. §§ 621, et. seq.

We review a district court's grant of summary judgment de novo. Chaney v. New Orleans Pub. Facility Mgmt., Inc., 179 F.3d 164, 167 (5th Cir. 1999); Grimes v. Texas Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 139 (5th Cir. 1996). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Grimes, 102 F.3d at 139 (citing Fed. R. Civ. P. 56(c)). In employment discrimination cases, the question is whether a genuine issue of fact exists as to whether the defendant intentionally discriminated against the plaintiff. Id. Unsubstantiated assertions are not competent summary judgment evidence. Chaney, 179 F.3d at 167; Grimes, 102 F.3d at 139.

A Title VII plaintiff bears the initial burden to prove a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-03 (1973). "Once that showing has been made, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment action." Munoz v. Orr, 200 F.3d 291, 299 (5th Cir. 2000) (citing McDonnell Douglas, 411 U.S. at 802-03). The plaintiff must then demonstrate that the employer's reason was pretext. Id. "Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the

2

trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 135 (2000).

Viewing the evidence in the light most favorable to Rancier, we find that St. Anthony presented evidence of nondiscriminatory reasons for its decision to lay Rancier off, and that Rancier failed to show pretext or falsity of the explanation. We therefore affirm the district court's order dated February 4, 2002. AFFIRMED.